# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JONELYN MANUEL,                         )
                                        )
                    Plaintiff,          )        Case No.: 2:15-cv-00309-GMN-CWH
                                        )
        vs.                             )
                                        )                    **ORDER**
                                        )
ALAIN MELO-MACIAS,                      )
                                        )
                    Defendant.          )
_____)

Pending before the Court is the Motion to Remand (ECF No. 8) filed by Plaintiff Jonelyn Manuel ("Plaintiff").  Defendant Alain Melo-Macias ("Defendant") filed a Response (ECF No. 13), and Plaintiff filed a Reply (ECF No. 16).

## I.      BACKGROUND

Plaintiff originally filed her complaint in state court on August 15, 2014. (*See* Compl., ECF No. 1-2).  In her Complaint, Plaintiff alleges that on September 14, 2013, she was injured in a motor vehicle collision caused by the negligence of Defendant. (*Id.* at ¶ 7).  She further alleges that, as a proximate result of Defendant's negligence, she has sustained serious bodily injury. (*Id.* at ¶ 8).

On February 20, 2015, Defendant removed the action to this Court asserting that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). (Not. of Removal ¶ 6, ECF No. 1).  Specifically, Defendant asserts that Plaintiff is a resident of Nevada and that Defendant is a resident of Tijuana, Mexico. (*Id.* ¶¶ 4–5).  Defendant further asserts that "the amount of controversy exceeds $75,000.00." (*Id.* ¶ 7).  Moreover, Defendant asserts that "[t]he Summons and Complaint was served upon Defendant MELO-MACIAS through publication, on or about December 30, 2014," and "Defendant's Answer to the Complaint is due on or about January 19, 2015." (Not. of Removal ¶¶ 2–3, ECF No. 1).  On March 6, 2015, Plaintiff filed the instant

Motion to Remand, asserting that Defendant's Notice of Removal was filed after the expiration of the 30-day window under 28 U.S.C. 1446(b)(1).

## II.  **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted).  For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  "Removal statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).  The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing

party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

The ability to remove is statutory and governed by the procedure outlined in 28 U.S.C. § 1446.  Typically, a defendant has thirty days from the receipt of an initial pleading to remove the case to federal court. 28 U.S.C. § 1446(b)(1).  Where a case is not removable based on the initial pleading, but later becomes removable through the voluntary act of the plaintiff, a defendant may remove within thirty days from the date at which removal became possible. *Id.* at (b)(2)(C)(3); *People of State of Cal. By and Through Lungren v. Keating*, 986 F.2d 346 (9th Cir. 1993) (citing *Self v. General Motors*, 588 F.2d 655, 657–60 (9th Cir. 1978)).

## III.   <u>DISCUSSION</u>

In his Notice of Removal, Defendant asserts that "[t]he Summons and Complaint was served upon Defendant MELO-MACIAS through publication, on or about December 30, 2014," and "Defendant's Answer to the Complaint is due on or about January 19, 2015." (Not. of Removal ¶¶ 2–3, ECF No. 1; Ex. A to Not. of Removal, ECF No. 1-2).  Thus, based on this assertion, Defendant had until Thursday, January 29, 2015, to remove the instant action. However, Defendant waited until February 20, 2015, to file his Notice of Removal.

Although Defendant asserts in his Notice of Removal that the Summons and Complaint were served upon him by publication on or about December 30, 2014 (Not. of Removal ¶2), Defendant now, in an apparent attempt to maintain this Court's jurisdiction, contradictorily argues that he was not served by publication on December 30, 2014, because Plaintiff's service of process by publication was invalid. (Response 8:17–9:25).  However, "[f]actual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).  "[S]tatements of fact contained in a brief *may* be considered admissions of the party in the discretion of the district court." *Id.* at 227.  Where a party "tried to

benefit" from a statement in a brief, that statement can be properly considered as a judicial admission. *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 557 (9th Cir. 2003) (finding that party's prior statement regarding privity was a judicial admission).  Accordingly, Defendant judicially admitted that he was served with the Summons and Complaint through publication on December 30, 2014, and cannot contradict such an admission merely in an attempt to keep this Court's jurisdiction over the action.

Furthermore, Defendant asserts that, "[e]ven if service was valid…, the 30 day time clock on removal did not start to run because the Complaint did not allege fact from which [] diversity could be affirmatively determine[d]." (Response 7:23–25).  However, this assertion directly contradicts the prior judicial admission in Defendant's Notice of Removal: "There is now and was at the time of the commencement of this action complete diversity between Plaintiff and Defendant." (*Id.* ¶ 6).  Thus, the Court finds that, based on Defendant's prior judicial admission, the Complaint was removable at the time service by publication was completed.  Accordingly, the Court grants Plaintiff's Motion to Remand (ECF No. 8) because Defendant had until January 29, 2015, to remove the instant action and Defendant's removal on February 20, 2015, was untimely.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 8) is GRANTED.  This case is hereby remanded to the Eighth Judicial District Court.  The Clerk of the Court shall remand this case back to the Eighth Judicial District Court, and thereafter close this Court's case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Reply (ECF No. 18) in Support of Plaintiff's Motion to Remand (ECF No. 8) is hereby **DENIED as moot**.

**DATED** this 18th day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court